# THE UNITED STATES DISTRICT COURT IN AND FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) First Plaintiff, | ) |
| | ) |
| RCI ROOFING AND SHEET METAL, INC., | ) ) ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) Case No. 18-CV-00091-CVE-JFJ |
| | ) |
| 1) First Defendant, | ) |
| | ) |
| ZURICH AMERICAN INSURANCE COMPANY, | ) ) |
| | ) |
| DEFENDANT. | ) JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW the Plaintiff, by and through its attorney of record, Douglas E. Stall, Tulsa, Oklahoma, and files this Complaint contending that defendant acted unreasonably and in bad faith, and committed deceit against its insured, RCI Roofing and Sheet Metal, Inc.

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, RCI Roofing and Sheet Metal, Inc., is a Michigan corporation with its principal place of business in Brighton, Michigan. RCI Roofing and Sheet Metal, Inc. ["RCI"] performed roofing and sheet metal work during relevant times on the certain commercial construction project underlying the causes of action at issue herein, referred to as the Saint Francis Health System Tower Expansion Project ("SFH TEC Project"), which was located at 6161 South Yale, Tulsa, Tulsa County, State of Oklahoma.

2.      Defendant Zurich American Insurance Company is a foreign insurer, domiciled in Illinois but authorized to do business in Oklahoma, and may be served with process at the Oklahoma Insurance Department, Legal Division, Five Corporate Plaza, 3625 NW 56th Street, Ste. 100, Oklahoma City, Oklahoma 73126. Zurich American Insurance Company ("Zurich") issued an Owner Controlled Insurance Policy or Wrap-Up Policy ("OCIP") for Saint Francis Health System ("SFH"), a healthcare facility in Tulsa County, State of Oklahoma, and its participating contractors and subcontractors, including RCI, on the SFH TEC Project located in Tulsa County, State of Oklahoma.

3.      Plaintiff's claims arise out of certain contractual obligations and common law duties arising from the SFH TEC Project located in Tulsa County, State of Oklahoma.

4.      The facts and issues underlying this action occurred in relation to the SFH TEC Project located in Tulsa County, State of Oklahoma.

5.      Diversity of jurisdiction exists among the several parties.

6.      This Court has jurisdiction over the parties hereto and the subject matter hereof. Venue is proper before this Court.

## FACTUAL BACKGROUND

7.      This case involves facts and issues previously before the District Court in and for Tulsa County, State of Oklahoma, case no. CJ-2015-1621, *Manhattan Construction Company v. Corrigan Construction, LLC, RCI Roofing and Sheet Metal, Inc., et. al.*

8.      Zurich issued the OCIP identified as Policy Number GLO 9827114-00, for the SFH TEC Project with a coverage period beginning October 3, 2011 and ending June 1, 2014.

9. Zurich's OCIP No. GLO 9827114-00 identified as "named insured" SFH and "ALL CONTRACTORS OF ANY TIER ENROLLED IN THE CONTROLLED INSURANCE PROGRAM AND WHO PERFORM WORK" at the SFH TEC Project.

10. The Named Insured – Owner Controlled Insurance Program Endorsement (U-GL-1379-A CW) to Zurich's OCIP No. GLO 9827114-00 further states that "a contractor of any tier will qualify as a Named Insured if such contractor: a. Is enrolled in the Owner Controlled Insurance Program for which this policy is provided; and b. Performs operations at a 'designated project.'"

11. Zurich's OCIP No. GLO 9827114-00 identified the "insured project" as "Work which the Insured is contractually obligated to perform in accordance with the contract documents" concerning "NEW CONSTRUCTION, ALTERATIONS, ADDITIONS, RENOVATIONS AND REPAIRS" on the SFH TEC Project.

12. On February 10, 2012, SFH and Manhattan entered into a Construction Agreement, which terms included and provided for Zurich's OCIP No. GLO 9827114-00 being issued in favor of, among other named insureds, RCI. In the Construction Agreement, SFH and Manhattan stated that Zurich's OCIP No. GLO 9827114-00 was to serve as the primary liability insurance policy for all enrolled contractors and subcontractors on the SFH TEC Project, including RCI.

13. In accordance with the contract documents, Zurich's OCIP No. GLO 9827114-00 was at all times intended by SFH and Manhattan to be the primary liability insurance on the SFH TEC Project for all of its enrolled insureds, including RCI.

14. Section 12.1.1 of the construction contract between SFH and Manhattan

provides that the purpose of Zurich's OCIP No. GLO 9827114-00 was to "protect all Enrolled Parties against injuries and liabilities arising out of Work at the Jobsite. The Wrap Up insurance program provides Workers Compensation, Employers Liability, General Liability and Excess Liability coverage for on-site operations."

15. RCI enrolled in and paid the required premium for coverage under Zurich's OCIP No. GLO 9827114-00. Furthermore, RCI performed and completed work on the SFH TEC Project it was contractually obligated to perform in accordance with the contract documents during the covered period. Thus, RCI is a "Named Insured" under Zurich's OCIP No. GLO 9827114-00.

16. As the primary liability insurer for the SFH TEC Project, Zurich made the above referenced representations about the coverage it offered to RCI and to which RCI was entitled by virtue of having paid the required premium to Zurich. However, Zurich did not intend to honor its promises to RCI contained in OCIP No. GLO 9827114-00, or Zurich failed to disclose in a timely manner its intent to not honor its promises to RCI contained in OCIP No. GLO 9827114-00. In doing so, Zurich intentionally and maliciously deceived RCI in addition to acting unreasonably and in bad faith.

17. On April 27, 2015, Tulsa County, State of Oklahoma, case no. CJ-2015-1621, *Manhattan Construction Company v. Corrigan Construction, LLC, RCI Roofing and Sheet Metal, Inc., et. al.,* was entered on the docket of the District Court in and for Tulsa County, State of Oklahoma ("Tulsa County"). In Tulsa County case no. CJ-2015-1621, Manhattan made allegations against RCI and others in relation to work performed upon the roofing system of the SFH TEC Project, which constituted covered claims under Zurich's

OCIP No. GLO 9827114-00.

18. Manhattan's claims against RCI for breach of contract, breach of express warranty, breach of implied warranty, contractual indemnity, negligence, equitable indemnity and contribution were based on damage to the roofing system installed upon the SFH TEC Project, which occurred after RCI's work.

19. Pursuant to the contract documents, RCI installed its portion of the roofing system on the SFH TEC according to the roofing specifications and the shop drawings.

20. Damage to the roofing system installed on the SFH TEC Project was caused by other professionals employed at the SFH TEC Project over whom RCI had no control. Additionally, damage to the roofing system installed upon the SFH TEC Project resulted from a significant weather event over which RCI had no control.

21. Upon information and belief, from the outset of Tulsa County case no. CJ-2015-1621, Zurich had notice of the proceedings and allegations against its insured, RCI, but failed to defend and indemnify its insured. As discovery unfolded in Tulsa County case no. CJ-2015-1621, it became increasingly clear that Zurich owed a duty to defend and indemnify RCI pursuant to Zurich's OCIP No. GLO 9827114-00.

22. On January 26, 2016, new third-party defendants were added to Tulsa County case no. CJ-2015-1621 including Baker Drywall Dallas Ltd. d/b/a Baker Triangle; Cantera Concrete Company, LLC; Chamberlin Oklahoma, LLC d/b/a Chamberlin Roofing & Waterproofing; McIntosh Services, Inc.; MMC Contractors National, Inc.; Schuff Steel Company; and TEPCO Contract Glazing, Inc. These new third-party defendants were also named insureds under Zurich's OCIP No. GLO 9827114-00.

23. On May 5, 2016, Manhattan filed a Petition against the Third-Party Defendants Baker Drywall Dallas Ltd. d/b/a Baker Triangle; Cantera Concrete Company, LLC; Chamberlin Oklahoma, LLC d/b/a Chamberlin Roofing & Waterproofing; McIntosh Services, Inc.; MMC Contractors National, Inc.; Schuff Steel Company; and TEPCO Contract Glazing, Inc.

24. One or more of these new third-party defendants in Tulsa County case no. CJ-2015-1621, including Baker Drywall Dallas Ltd. d/b/a Baker Triangle; Cantera Concrete Company, LLC; Chamberlin Oklahoma, LLC d/b/a Chamberlin Roofing & Waterproofing; McIntosh Services, Inc.; MMC Contractors National, Inc.; Schuff Steel Company; and TEPCO Contract Glazing, Inc, was involved in performing work upon the roofing system on the SFH TEC Project that was at issue in Tulsa County case no. CJ-2015-1621.

25. Zurich waived any reservation of rights it may have had under the OCIP No. GLO 9827114-00, and instead defended and indemnified its other insureds including Baker Drywall Dallas Ltd. d/b/a Baker Triangle; Cantera Concrete Company, LLC; Chamberlin Oklahoma, LLC d/b/a Chamberlin Roofing & Waterproofing; McIntosh Services, Inc.; MMC Contractors National, Inc.; Schuff Steel Company; and TEPCO Contract Glazing, Inc.

26. Zurich defended these other insureds under OCIP No. GLO 9827114-00, and blamed RCI for the damages to the roof. In doing so, Zurich harmed RCI's defense of the lawsuit and harmed RCI's business relationship with the construction manager on the SFH TEC Project. At the same time, Zurich's actions benefited Zurich by setting

conditions for Zurich to resolve the Tulsa County case no. CJ-2015-1621 on behalf of its other insureds for a negligible sum of money, while at the same time harming RCI and its defenses to the lawsuit.

27. Despite RCI's demands for a defense and indemnity, Zurich unreasonably and in bad faith refused to provide RCI with the contractually mandated defense and indemnity, and Zurich continuously, intentionally and maliciously failed to even respond to RCI's demands.

28. Instead, Zurich repeatedly requested more and more documentation from RCI about the lawsuit under the guise that Zurich was investigating the claim to determine whether RCI had coverage under Zurich's OCIP No. GLO 9827114-00. However, Zurich was already fully apprised of the details of the Tulsa County case no. CJ-2015-1621, having already been provided extensive reports and documents by its own lawyers working for Zurich to defend other insureds under OCIP No. GLO 9827114-00. Thus, Zurich had no intention of honoring its contractual promises to RCI. When RCI complied and provided Zurich with extensive documents proving RCI entitled to a defense and indemnity, Zurich, upon information and belief, wrongfully and maliciously utilized those privileged communications to the benefit of its other insureds and to the detriment of RCI in Tulsa County case no. CJ-2015-1621, while also defending Zurich's other insureds.

29. Zurich intentionally and maliciously refused to provide RCI any explanation of RCI's benefits or rights under OCIP No. GLO 9827114-00; furthermore, Zurich refused to even provide any explanation about why Zurich refused to defend or to indemnify RCI, its named insured.

30. On August 22, 2017, the Honorable Daman Cantrell presiding over Tulsa County case no. CJ-2015-1621 approved the settlement between Manhattan and Baker Drywall Dallas Ltd. d/b/a Baker Triangle; Cantera Concrete Company, LLC; Chamberlin Oklahoma, LLC d/b/a Chamberlin Roofing & Waterproofing; McIntosh Services, Inc.; MMC Contractors National, Inc.; Schuff Steel Company; and TEPCO Contract Glazing, Inc. Zurich directed this settlement to occur and indemnified these insureds in such settlement. Consequently, Zurich waived and should be estopped from now asserting any defense or reservation of rights it may claim to have against its duty to defend and indemnify its insured RCI.

31. On September 28, 2017, the Honorable Daman Cantrell presiding over Tulsa County case no. CJ-2015-1621 approved the settlement between Manhattan and RCI.

32. Zurich had notice of the settlement negotiations between RCI and Manhattan. Zurich had notice of the proposed settlement between RCI and Manhattan. Zurich had notice of the hearing to approve the RCI-Manhattan settlement in Tulsa County case no. CJ-2015-1621. Despite repeated notice, Zurich intentionally, unreasonably and in bad faith refused to participate or in any way acknowledge RCI as Zurich's named insured, but instead worked behind the scenes to undermine RCI's defenses and settlement negotiations with Manhattan.

33. Consequently, RCI suffered significant damage to its business its reputation, and other damages, all as the direct result of Zurich's bad faith and deceit.

### CAUSE OF ACTION NO. 1:  BAD FAITH BREACH OF CONTRACT

34. RCI incorporates the allegations made above as though fully set forth again

in this section.

35. RCI paid Zurich more than $50,000.00 to participate as an insured in Zurich's OCIP No. GLO 9827114-00.

36. Upon payment of RCI's premium, RCI was a named insured fully entitled to coverage under Zurich's OCIP No. GLO 9827114-00, and Zurich was required by law to take reasonable actions in handling RCI's general liability claim.

37. Zurich intentionally and maliciously failed and refused to act in a diligent and reasonable manner in relation to the investigation of Manhattan's claims against Zurich's named insured, RCI.

38. Zurich intentionally and maliciously failed and refused to act in a diligent and reasonable manner in relation to adjusting the alleged loss on behalf of Zurich's named insured, RCI.

39. Zurich intentionally and maliciously failed and refused to act in a diligent and reasonable manner in relation to the good faith settlement negotiations on behalf of Zurich's named insured, RCI.

40. Zurich intentionally and maliciously failed and refused to act in a diligent and reasonable manner in failing and refusing to provide its named insured RCI an explanation of benefits under the OCIP No. GLO 9827114-00.

41. Zurich intentionally and maliciously failed and refused to act in a diligent and reasonable manner in relation to Zurich's failure and refusal to provide its named insured RCI a substantive basis or rationale for the denial of RCI's general liability claim.

42. Zurich's actions in intentionally and maliciously failing and refusing to

defend and indemnify RCI while defending and indemnifying the Third-Party Defendants Baker Drywall Dallas Ltd. d/b/a Baker Triangle; Cantera Concrete Company, LLC; Chamberlin Oklahoma, LLC d/b/a Chamberlin Roofing & Waterproofing; McIntosh Services, Inc.; MMC Contractors National, Inc.; Schuff Steel Company; and TEPCO Contract Glazing, Inc. were unreasonable under the circumstances.

43.     Zurich had no good faith, reasonable, or justifiable reason to refuse to defend and indemnify its named insured RCI.

44.     Zurich's acts and omissions in relation to its named insured RCI under Zurich's OCIP No. GLO 9827114-00 were intentional, unreasonable, malicious and constitute bad faith in that Zurich failed to properly and in good faith consider the full extent of RCI's loss; furthermore, Zurich has breached its duty of good faith and fair dealing owed to its named insured RCI.

45.     Zurich's unreasonable refusal to act in good faith to its named insured, RCI, resulted in irreparable harm to its named insured RCI and the owners of RCI.  Zurich is liable to RCI for all actual and consequential damages flowing from its intentional, unreasonable, wrongful, malicious, and bad faith conduct.  Furthermore, Zurich should be punished by means of punitive damages.  Furthermore, Zurich is responsible to its insured RCI for all sums expended in pursuing this cause of action.

### CAUSE OF ACTION NO. 2:  DECEIT [FALSE REPRESENTATION]

46.     RCI incorporates the allegations made above as though fully set forth again in this section.

47.     As the primary liability insurer for the SFH TEC Project, Zurich made the

above referenced representations about the coverage it offered to RCI as a named insured and to which RCI was entitled by virtue of having paid the required premium to Zurich.

48. However, Zurich did not intend to honor its promises to RCI contained in OCIP No. GLO 9827114-00.

49. Zurich's false representations to RCI its named insured concerning primary commercial general liability insurance coverage under OCIP No. GLO 9827114-00 were material.

50. Zurich knew that these representations under OCIP No. GLO 9827114-00 were false.

51. Zurich intentionally misrepresented the purported primary commercial general liability insurance coverage under OCIP No. GLO 9827114-00 with the intention that RCI would rely upon and act upon its false representations.

52. RCI relied and acted on Zurich's intentional false and material misrepresentations concerning coverage under OCIP No. GLO 9827114-00, and Zurich benefited from RCI's reliance.

53. Had RCI known the truth about Zurich's misrepresentations and intentions, it would not have paid significant sums of money to enroll in Zurich's OCIP No. GLO 9827114-00, relied upon coverage under the OCIP, and acted in further reliance upon Zurich's repeated assurances.

54. Consequently, RCI suffered injury.

55. Therefore, RCI is entitled to an award of all damages reasonably flowing from defendant's fraud/deceit and to which it is entitled under Oklahoma law, including

but not limited to, financial losses; injury to its business standing and reputation in the community; humiliation; mental anguish and suffering of its principals; and punitive damages against Zurich, all in excess of $75,000.

### CAUSE OF ACTION NO. 3:  DECEIT [FAILURE TO DISCLOSE]

56. RCI incorporates the allegations made above as though fully set forth again in this section.

57. Zurich failed to disclose in a timely manner its intent to not honor its promises to RCI contained in OCIP No. GLO 9827114-00.

58. Zurich also failed to disclose to RCI that privileged communications from RCI to Zurich were being utilized to RCI's detriment by Zurich.

59. Zurich intentionally and maliciously concealed its intentions not to honor its obligations to RCI under OCIP No. GLO 9827114-00 with the intent of creating a false impression of the actual facts to RCI and its principals.

60. Zurich intentionally and maliciously concealed its intentions to utilize privileged communications from RCI to the detriment of RCI and its principals.

61. Defendants concealed these material facts with the intention that RCI would rely and act on these false representations created by concealed facts.

62. RCI materially relied upon Zurich to honor its obligations under OCIP No. GLO 9827114-00 to its named insured RCI and to utilize all privileged information provided by RCI to Zurich in a manner solely beneficial to RCI.

63. Had RCI known the true facts that Zurich concealed, RCI would have pursued a different course of action in relation to its communications with Zurich and in

its defense of Tulsa County case no. CJ-2015-1621.

64. Consequently, RCI suffered serious injury and damage for which Zurich is responsible.

65. Therefore, RCI is entitled to an award of all damages reasonably flowing from Zurich's fraud/deceit and to which it is entitled under Oklahoma law, including but not limited to, financial losses; injury to its business standing and reputation in the community; humiliation; mental anguish and suffering of its principals; and punitive damages against Zurich, all in excess of $75,000.

66. Plaintiff reserves the right to supplement or amend this Complaint and the Causes of Action set forth herein as additional information becomes available.

WHEREFORE, all premises considered, Plaintiff respectfully requests judgment against Defendant for all damages, attorney fees, costs and expenses incurred herein and for any other relief this Court deems just and proper, including punitive damages.

Respectfully submitted,

/s/ Douglas E. Stall
Douglas E. Stall, OBA No. 13117
DOUGLAS E. STALL, PLLC
1800 South Baltimore, Ste. 805
Tulsa, Oklahoma 74119
918.743.6201 Telephone